**NOT FOR PUBLICATION**                                                          CLOSED

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

_____
                                                                  :
BERGEN COUNTY CORRECTIONS OFFICER         :
ADAM RHEIN,                                                 :    Civil No. 10-3256 (FSH)
                                                                  :
                        Plaintiff,                           :
                                                                  :    **ORDER & OPINION**
           v.                                                 :
                                                                  :
COUNTY OF BERGEN, BERGEN COUNTY   :
SHERIFF'S OFFICE, SHERIFF LEO MCGUIRE  :
and DEPUTY CHIEF BRIAN REICH,             :    Date: November 30, 2010
                                                                  :
                        Defendants.                      :
_____:

**HOCHBERG, District Judge:**

This matter comes before the Court on Defendants' Motion to Dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The Court has reviewed the parties' submissions pursuant to Federal Rule of Civil Procedure 78.

**BACKGROUND**

Plaintiff Adam Rhein is employed as a Corrections Officer in the Bergen County Sheriff's Office ("BCSO"). He brings this action against Defendants Bergen County, the BCSO, Sheriff Leo McGuire and Deputy Chief Brian Reich.

In July of 2008, Rhein was "on loan" to the Bergen County Prosecutor's Office, where he was working as a detective, when he was advised to report back to the BCSO. On July 10, after working in the BCSO's Bureau of Criminal Identification ("BCI") for most of the week, Rhein "advised certain superiors that he enjoyed working" there "very much" that week. (Cmplt. ¶ 16)

1

The following day, Rhein's supervisor in the Bergen County Prosecutor's Office was allegedly informed that Rhein would not be returning to the office that week. On July 14, 2008, Rhein claims that he had a conversation with Brian Reich about his desire to return to the Prosecutor's Office. Two days later, after a similar conversation with Reich, Rhein returned to the Prosecutor's Office, where he was told that he was "not trusted" there anymore, though the plan had been to hire him full time if he had stayed on a bit longer. (Cmplt. ¶ 19) Rhein was then ordered to turn in his county-owned vehicle.

On July 17, 2008, Reich asked Rhein why he had not reported an injury he'd sustained while off duty. Reich told Rhein that he believed Rhein was "deceiving" him and "was going to wind up back in the jail." (Cmplt. ¶ 21) He then ordered Rhein to go home and not return to work until he provided documentation of clearance to work from a doctor. Rhein was later advised that Internal Affairs was investigating him because of his undisclosed injury and was told to report for an Internal Affairs interview.

On July 18, 2008, when Rhein returned to work, he claims he was advised that he was "on modified duty" and was directed to turn in his weapon. (Cmplt. ¶ 24) He was also made to attend a second Internal Affairs interview where he was questioned about what prescription medications he was taking. He was directed to provide medical documentation that he was capable of returning to work.

On July 21, 2010, Rhein was directed to report to the Bergen County Jail, which he claims was a decision made "to place [his] physical safety in jeopardy, as it was well known that [his] work at the BCPO resulted in the incarceration of persons he had a hand in arresting and sending to that same jail." (Cmplt. ¶ 25)

In August of 2008, Rhein alleges that he was passed over for a position as sheriff's officer, "even though he was arguably the most qualified of all of the candidates." (Cmplt. ¶ 26) He was later passed over for "an internal affairs detective position," for which he again claims he "was arguably the most qualified."

Rhein also claims that McGuire made a series of inappropriate comments indicating that Rhein should be fired or was "go[ing] nowhere" in the Bergen County Sheriff's Office and that on March 14, 2010, McGuire called him an "asshole." (Cmplt. ¶¶ 28-30) Rhein also alleges that he was told by various superiors over the course of his time in the BCSO that he needed to help McGuire get reelected sheriff.

Based on these allegations, Rhein asserts claims pursuant to 42 U.S.C. § 1983 for violations of his First and Fourteenth Amendment rights and for conspiracy to violate his civil rights and alleges municipal liability for those violations. (Cmplt. ¶¶ 35-37, 43-52) Plaintiff also brings several state law claims for intentional infliction of emotional distress, gross negligence and violations of the New Jersey Law Against Discrimination and the New Jersey Civil Rights Act.

## DISCUSSION

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

While courts must generally accept Plaintiff's factual allegations as true, they are also entitled to consider documents "integral to" the complaint.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997).  Additionally, courts may review documents explicitly relied on or incorporated by reference in the pleading.  Id.

First Amendment Claim

I. **THE FIRST AMENDMENT CLAIM**

"Section 1983 provides for a cause of action when a state actor retaliates against an individual for participating or engaging in conduct protected by the First Amendment." Myers v. County of Somerset, 515 F. Supp. 2d 492, 500-501 (D.N.J. 2007) (citing Bradshaw v. Twp. of Middleton, 145 Fed. Appx. 763, 766-67 (3d Cir. 2005)).

"To state a First Amendment retaliation claim, the plaintiff must allege that (1) the plaintiff's conduct was protected by the First Amendment because it addressed a matter of public concern, (2) the plaintiff was retaliated against, and (3) the retaliation was a substantial or motivating factor in the alleged retaliation." Myers, 515 F. Supp. 2d at 500-501 (citing Bradshaw, 145 Fed. Appx. At 767; Ober v. Brown, 105 Fed. Appx. 345, 346-47 (3d Cir. 2004)).

Rhein has failed to plead the first element of a First Amendment retaliation claim, that he engaged in protected conduct.  He claims that he engaged in protected activity when he spoke out about how much he enjoyed his work in BCI and thus created controversy between the Bergen County Prosecutor's Office and the BCSO over who would retain him as a full time employee. See Pltf. Br. at 8 (citing Cmplt. ¶¶ 16-19).  Rhein also alleges that he "consistently spoke out about the treatment he was given..." as an employee. Cmplt.¶ 42.  Rhein claims that his reassignment to the Bergen County Jail, the investigation by Internal Affairs and his being denied

4

promotions were all in retaliation for his comments about his treatment at work and his preference for employment in a particular part of the BCSO.

"Speech pertains to a matter of public concern if the speech 'can be fairly considered as relating to any matter of political, social or other concern to the community.'" Myers, 515 F. Supp. 2d at 501 (quoting Costello v. City of Brigantine, No. 99-4072 (JBS), 2001 U.S. Dist. LEXIS 8687, at *63 (D.N.J. June 28, 2001)).

"[W]hile the First Amendment prevents public employers from restricting the liberties enjoyed by their employees as private citizens, it does not empower such employees to 'constitutionalize the employee grievance.'" Myers, 515 F. Supp. 2d at 500 (quoting Garcetti v. Ceballos, 126 S.Ct. 1951, 1958-59 (2006)).

In summary, "when a public employee speaks not as a citizen upon matters of public concern, but instead as an employee upon matters only of personal interest, absent the most unusual circumstances, a federal court is not the appropriate forum in which to review the wisdom of a personnel decision taken by a public agency allegedly in reaction to the employee's behavior." Connick v. Myers, 103 S. Ct. 1684, 1690 (1983).

The speech at issue here – about Rhein's experience working in BCI and the alleged mistreatment by his supervisors – covers matters "only of personal interest" to Rhein. This speech Is limited to how much Rhein enjoyed his work experience and how he felt he was being treated as an individual employee. Nothing in the Complaint indicates that Rhein's experience in BCI – or any of his broader concerns about his work placement – have anything to do with "any matter of political, social or other concern to the community." Accordingly, Rhein has failed to state a claim for violations of his First Amendment rights.

II. **THE FOURTEENTH AMENDMENT CLAIM**

Rhein also alleges that his Fourteenth Amendment right to procedural due process was violated.[1]

"When a plaintiff sues under 42 U.S.C. § 1983 for a state actor's failure to provide procedural due process, [courts] employ the familiar two-stage analysis, inquiring (1) whether the asserted individual interests are encompassed within the fourteenth amendment's protection of life, liberty, or property; and (2) whether the procedures available provided the plaintiff with due process of law." Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000).

Rhein alleges that Defendants interfered with his property interest in his employment with the BCSO. He claims he was not given notice or an opportunity to respond when he was ordered to turn over his county vehicle or to turn in his weapon and that the Internal Affairs investigation against him was conducted in violation of established procedures.

"In order to state a claim for failure to provide due process, a plaintiff must have taken advantage of the processes that are available to him or her, unless those processes are unavailable

---

[1] While the Complaint does not specify that Rhein's Fourteenth Amendment claim is based entirely on deprivation of procedural due process, that is the only claim Rhein defends in opposing the instant motion. See Pltf. Br. 11-12.

Even if Rhein intended to plead a claim based on a deprivation of substantive due process rights, he has failed to do so. "[F]or a property interest to be protected for purposes of substantive due process, it must be 'fundamental' under the United States Constitution." Hill v. Borough of Kutztown, 455 F.3d 225, 234 n.12 (3d Cir. 2006). "The Third Circuit has previously found that 'a public employee's interest in continued employment with a governmental employer is not so 'fundamental' as to be protected by substantive due process.'" Griffin v. Twp. of Clark, No. 09-4853 (JLL), 2010 U.S. Dist. LEXIS 5048, at *12-13 (D.N.J. Jan. 22, 2010) (quoting Nicholas v. Penn. State Univ., 227 F.3d 133, 142 (3d Cir. 2000)). The only protected interest alleged here is that of Rhein's continued employment with the Bergen County Sheriff's Office and, even more specifically, employment in certain posts therein.

or patently inadequate. '[A] state cannot be held to have violated due process requirements when it has made procedural protection available and the plaintiff has simply refused to avail himself of them.'" Alvin, 227 F.3d at 116 (quoting Dusanek v. Hannon, 677 F.2d 538, 543 (7th Cir. 1982)).

"Where a due process claim is raised against a public employer, and grievance and arbitration procedures are in place, [the Third Circuit has] held that those procedures satisfy due process requirements...." Dykes v. Southeastern Pa. Transp. Auth., 68 F.3d 1564, 1571 (3d Cir. 1995).

Here, a grievance procedure was available to Rhein through his union.[2] (Garcia Cert., Ex. C)  Nothing in the Complaint indicates that Rhein has taken advantage of this grievance procedure, nor does Rhein allege that the procedure is in any way inadequate.  Indeed, Rhein's counsel failed to address this issue at all in his opposition to Defendants' motion, from which this Court infers that Rhein has "simply refused to avail himself" of the union grievance procedure; his Fourteenth Amendment claim is therefore dismissed on this ground.[3]  See Alvin,

---

[2] The grievance procedure is a document "integral to" the Complaint, which outlines several grievances which might have been presented according to the procedures provided by union policy.  As a result, this Court may rely upon it in considering Defendants' motion to dismiss.  See In re Burlington Coat Factory Sec. Litig., 114 F.3d at 1426.

[3] Even if Rhein had exhausted the procedures available to him, it is far from clear that the majority of the allegations in the Complaint satisfy the first prong of a procedural due process claim: that the individual interest at issue is protected by the Fourteenth Amendment.  As the Third Circuit explained in Baraka v. McGreevey, 481 F.3d 187 (3d Cir. 2007):

> Property interests are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits. To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a

227 F.3d at 116; see also Clayton v. City of Atl. City, No. 09-3045 (JEI), 2010 U.S. Dist. LEXIS 65111, at *22-23 (D.N.J. June 30, 2010) (dismissing a police officer's procedural due process claim where he had filed a grievance with the police union that was still pending at the time the

---

> unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.

Id. at 205 (citations omitted).

Indeed, "[t]he Due Process Clause 'is not a guarantee against incorrect or ill-advised personnel decisions.' Nor does it guarantee municipal employees a workplace that is free of unreasonable risks of harm." Collins v. City of Harker Heights, 503 U.S. 115, 129 (1992) (quoting Bishop v. Wood, 426 U.S. 341, 350 (1976)).

Rhein undoubtedly has a property interest in his employment. See Griffin v. Twp. of Clark, No. 09-4853 (JLL), 2010 U.S. Dist. LEXIS 5048, at *14-15 (D.N.J. Jan. 22, 2010) (finding that a New Jersey police officer had a property interest in his employment based on state law). However, the only allegation in the Complaint that rises to the level of deprivation sufficient to state a claim for a due process violation is the claim that Rhein was directed to return home on July 17, 2008. See Cmplt. ¶ 22. Rhein has not alleged that he was ever "removed, fined, or reduced [] in rank," nor that he suffered any "loss of compensation." See Kelly v. Borough of Sayreville, 107 F.3d 1073, 1077 (3d Cir. 1997). Accordingly, only his claim that he was sent home – which might constitute a suspension – is sufficient to allege "a property loss [sufficient to] survive the motion to dismiss." See id. (upholding the district court's dismissal of a Fourteenth Amendment claim on a motion to dismiss where plaintiff, a police officer, alleged deprivation of due process resulting from a "continued pattern of harassment through the filing of groundless disciplinary charges"); Griffin, 2010 U.S. Dist. LEXIS 5048, at *15 (dismissing a Fourteenth Amendment due process claim on a motion to dismiss where plaintiff, a police officer, "broadly asserts that he has lost employment opportunities within and outside the police department and in law enforcement" as a result of a negative Internal Affairs finding about his conduct but "does not allege that he ever was suspended, removed, fined, or reduced in rank, actually or constructively, or that his compensation was reduced") (internal quotations omitted). Similarly, Rhein's Fourteenth Amendment claim cannot be based on denials of promotions or loss of reputation. See Robb v. Philadelphia, 733 F.2d 286, 293 (3d Cir. 1984); Kelly, 107 F.3d at 1078 (citing Siegert v. Gilley, 500 U.S. 226, 233-34 (1991), for the proposition that "there is no constitutional liberty interest in one's reputation and that a claim that is essentially a state law defamation claim cannot constitute a claim for violation of one's federal constitutional rights"); McGovern v. City of Jersey City, No. 98-5186 (FSH), 2008 U.S. Dist. LEXIS 293, at *19-21 (D.N.J. Jan. 2, 2008); Pollock v. City of Ocean City, 968 F. Supp. 187, 190 (D.N.J. 1997).

decision was issued).

### III.  THE CONSPIRACY TO VIOLATE CIVIL RIGHTS CLAIM

"Section 1985(3) permits an action to be brought by one injured by a conspiracy formed 'for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws.'"  Farber v. City of Paterson, 440 F.3d 131, 134 (3d Cir. 2006) (quoting 42 U.S.C. § 1985(3)).

In order to state a claim under § 1985(3), a plaintiff must allege, "'(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.'"  Farber, 440 F.3d at 134 (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

As discussed supra, pp. 4-8, Rhein fails to allege a deprivation of any of his constitutional rights.  Accordingly, his claim for conspiracy to violate his civil rights must be dismissed.  See Mills v. City of Harrisburg, 350 Fed. Appx. 770, 774 (3d Cir. 2009) (affirming district court's granting of summary judgment for defendants on civil conspiracy claim where all underlying Section 1983 claims had been adjudged for defendants).

### IV.  MUNICIPAL LIABILITY

Rhein also alleges municipal liability on the part of Bergen County and the BCSO based on the allegations that those entities "permitted and tolerated a pattern and practice of...deprivation of constitutional guarantees by their employees," "maintained a palpably unreasonable system of review of law enforcement conduct," and allowed

"acts/omissions/systemic flaws/policies/procedures/customs" which permitted the alleged misconduct of the individual Defendants. (Cmplt. ¶¶ 35-37)

"A municipality may be liable under section 1983 only if it can be shown that its employees violated a plaintiff's civil rights as a result of a municipal policy or practice." Williams v. West Chester, 891 F.2d 458, 467 (3d Cir. 1989) (citing Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658 (1978)).

"'If a person has suffered no constitutional injury at the hands of [any] individual police officer, the fact that the departmental regulations might have authorized [unconstitutional action] is quite beside the point.'" Williams, 891 F.2d at 467 (quoting City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) (per curiam)).

Rhein fails to plead a viable claim against any of the individually named Defendants. As a result, his claim for municipal liability must also be dismissed. See Williams, 891 F.2d at 467 (noting that because the majority of the court had "determined that the plaintiffs have no viable claim against any individual officer, they cannot have a Monell claim against [the city]").

## V.     SUPPLEMENTAL JURISDICTION

A district court "may decline to exercise supplemental jurisdiction" over state law claims if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c); see also In re Ins. Brokerage Antitrust Litig., 618 F.3d 300, 383 (3d Cir. 2010).

Here, all of Rhein's federal claims are dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court declines to exercise jurisdiction over the remaining state law claims. Rhein may proceed with these claims in the New Jersey state courts.

## CONCLUSION

Rhein has failed to state any claim for relief arising out of federal law, and this Court declines to exercise supplemental jurisdiction over Rhein's state law claims.

**THEREFORE IT IS** on this 30th day of November, 2010,

**ORDERED** that Defendants' Motion to Dismiss is **GRANTED**.

The Clerk of the Court is directed to terminate the motion (Docket No. 11) and to close the case.

/s/ Faith S. Hochberg
**Hon. Faith S. Hochberg, U.S.D.J.**